# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANI PAK, on behalf of himself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PRESSLER AND PRESSLER, LLP; MIDLAND FUNDING, LLC; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, DANI PAK, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, PRESSLER AND PRESSLER, LLP (hereinafter "PRESSLER"); MIDLAND FUNDING, LLC (hereinafter "MIDLAND") and John Does 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Middlesex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PRESSLER is a law firm located at 7 Entin Road, Parsippany, New Jersey 07054.

8. Upon information and belief, PRESSLER is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. PRESSLER is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. MIDLAND, is a foreign limited liability company located at 2365 North Drive. Suite 300, San Diego, CA 92108.

11. Upon information and belief, MIDLAND is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. MIDLAND is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who had legal action commenced against them by PRESSLER and/or MIDLAND, in an attempt collected a debt originally owed to another, when such debt was beyond the applicable statute of limitations.

The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice and/or complaint that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned

attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

15. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. PRESSLER collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

17. PRESSLER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. MIDLAND collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

19. MIDLAND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Sometime prior to September 15, 2015, Plaintiff allegedly incurred a financial obligation to CitiBank, N.A. ("CITIBANK").

21. CITIBANK is a "creditor" as defined by 15. U.S.C. § 1692a(4).

22. The alleged CITIBANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

23. Plaintiff has not made a payment on the CITIBANK obligation within the ten (10) years of the date of this Complaint.

24. The applicable statute of limitations relative to the CITIBANK obligation is not greater than six (6) years.

25. Sometime prior to September 15, 2015, CITIBANK, either directly or through intermediate transactions assigned, placed, transferred, or sold the CITIBANK obligation to MIDLAND.

26. At the time the CITIBANK obligation was assigned, placed, transferred, or sold to MIDLAND, such obligation was in default.

27. Sometime prior to August 30, 2016, MIDLAND, either directly or through intermediate transactions assigned, placed, transferred, the CITIBANK obligation to PRESSLER for the purpose of collection.

28. At the time the CITIBANK obligation was assigned, placed, transferred, to PRESSLER, such obligation was in default.

29. At the time the CITIBANK obligation was assigned, placed, transferred, to PRESSLER, the applicable statute of limitations had expired.

30. On or about August 30, 2016 PRESSLER on behalf of MIDLAND commence a lawsuit against Plaintiff in the Superior Court if New Jersey, Law Division - Middlesex County, Docket No.: MID-L- 05057-16. A copy of the Complaint is annexed hereto as <u>Exhibit A</u>.

31. Such lawsuit demanded judgment in the amount $39,429.56.

32. Such Complaint was signed by Daryl J. Kipnis, Esq.

33. Daryl J. Kipnis, Esq., is an attorney employed by PRESSLER.

34. Such Complaint does not allege the date the debt was incurred.

35. Such Complaint does not allege the date of the last payment.

36. MIDLAND authorized the commencement of the lawsuit against Plaintiff.

37. MIDLAND authorized the commencement of the lawsuit against Plaintiff, with knowledge that the applicable statute of limitations had expired.

38. PRESSLER authorized the commencement of the lawsuit against Plaintiff, with knowledge that the applicable statute of limitations had expired.

**POLICIES AND PRACTICES COMPLAINED OF**

39. It is Defendants' policy and practice to commence lawsuits against consumer relating to debts when the applicable statute of limitations had expired on such debts, which violate the FDCPA, by *inter alia*:

 (a) Falsely representing the character and legal status of the debt;

 (b) Threatening to take action that cannot legally be taken; and

  (c) Using false representation and/or deceptive means to attempt collect a debt; and

  (d) Using unfair or unconscionable means to collect or attempt to collect a debt.

40. On information and belief, Defendants have commenced lawsuits to collect debts when applicable statute of limitations had expired on such debts sent written communications, against at least 30 natural persons in the State of New Jersey.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §1692e.

43. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §1692e(2)(A).

44. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §1692e(10)

45. Defendants engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

46. Defendant violated 15 U.S.C. § 1692e *et seq.*, of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

47. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

49. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

50. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

53. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

54. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (f)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 17, 2017

                *s/ Joseph K. Jones*
                Joseph K. Jones, Esq.
                JONES, WOLF & KAPASI, LLC
                375 Passaic Avenue, Suite 100
                Fairfield, New Jersey 07004
                (973) 227-5900 telephone
                (973) 244-0019 facsimile
                jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                */s/ Joseph K. Jones*
                Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 17, 2017

                                            *s/ Joseph K. Jones*_____
                                            Joseph K. Jones, Esq.

Case 2:33-av-00001   Document 28316   Filed 02/18/17   Page 12 of 14 PageID: 824632

# Exhibit A

FILED & RECEIVED #1
2016 AUG 30 A 10:51
CIVIL OFFICE
MIDDLESEX VICINAGE

PRESSLER and PRESSLER, LLP
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100 Ext. 5100
Attorney for Plaintiff

Debit Acct # 140275
Using reference # 168262058

P & P FILE NO. P182664

Plaintiff
MIDLAND FUNDING LLC CURRENT ASSIGNEE,
[CITIBANK, N.A., ORIGINAL CREDITOR]
vs.

Defendant
DANI PAK

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION MIDDLESEX COUNTY
Docket No.
CIVIL ACTION
COMPLAINT  MID-L- 05057-16

Plaintiff having a principal place of business at: 2365 NORTHSIDE DR STE 300 SAN DIEGO, CA 92108 says:

1. Plaintiff, MIDLAND FUNDING LLC, is the assignee and the current owner of a debt incurred by the use of a CITIBANK, N.A. account. The last four numbers of the account were 0713.

2. The last three digits of the social security number of the person who incurred the debt are 547.

3. The debt was assigned from the original creditor CITIBANK, N.A. to MIDLAND FUNDING LLC, the present assignee, plaintiff, on 15 SEP 2015.

4. Plaintiff, MIDLAND FUNDING LLC, alleges that the Defendant, DANI PAK, is the person who incurred the debt by using the account having the last four numbers 0713, and has a social security number with the last three digits 547.

5. Plaintiff is seeking from the Defendant, DANI PAK, on the debt, the sum of $39,429.56.

WHEREFORE, plaintiff demands judgment for the sum of $39,429.56 plus costs. I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

PRESSLER and PRESSLER, LLP
Attorneys for Plaintiff
By: s/Daryl J. Kipnis
Daryl J. Kipnis